AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

FILED BY ___SP___ D.C.

JUL 30 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

| | |
|---|---|
| United States of America<br>v.<br><br>WALFRE ELISEO CAMPOSECO-MONTEJO<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  19-MJ-8295-DLB<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   October 2016 - December 2016   in the county of   Palm Beach and elsewhere   in the   Southern   District of   Florida  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1324(a)(2)(B)(ii) | The defendant, in knowing and in reckless disregard of the fact that an alien, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien, for the purpose of commercial advantage and private financial gain. |
| Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (b)(i) | The defendant, in knowing and in reckless disregard of the fact that an alien, had come to, entered, or remained in the United States in violation of law, transported, or moved, an alien within the United States by means of transportation or otherwise, in furtherance of commercial advantage or private financial gain |
| Title 18, United States Code, Sections 1028(a)(7) & (b)(2)(B) | The defendant did knowingly possess and use in or affecting interstate or foreign commerce, without lawful authority, a means of identification of another person, to wit, a birth certificate, knowing that the means of identification belonged to another actual person, with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, to wit, inducing an alien to enter the United States, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), unlawfully transporting aliens, and the offense involved the transfer of an identification document, authentication feature, or false identification document that is or appears to be a birth certificate. |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Xavier Martinez, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   07/30/2019  

_____
*Judge's signature*

City and state:   West Palm Beach, Florida  

Hon. Dave Lee Brannon, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Xavier Martinez, being first duly sworn on oath, deposes and says:

1. I am a Special Agent in the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), assigned to the Homeland Security Investigations (HSI) for the office of the Assistant Special Agent in Charge (ASAC) in West Palm Beach, FL. I have been a Special Agent of (HSI) and its predecessor, the Office of Investigations (OI) for the past 9 years. As an HSI Special Agent, part of my duties entails the investigation of individuals who illegally enter into the United States as well as the unlawful bringing in of aliens.

2. Due to this experience and training, I am familiar with common routes and methods employed by those seeking to smuggle aliens and contraband in the United States.

3. I obtained the following information through personal observations, and from other law enforcement officers who are familiar with this investigation.

4. Due to the limited scope of this document, I have not included in this affidavit all facts known to investigators at this time. I have only included facts sufficient to show that probable cause exists to believe that the target of this investigation WALFRE ELISEO CAMPOSECO-MONTEJO (hereinafter "Camposeco-Montejo") is engaged in the criminal activity described herein and sufficient to establish probable cause to use the investigative techniques set forth herein.

## FACTUAL BACKGROUND

5. In the fall of 2016, Minor-Victim 1 (hereinafter "MV1"), at that time a 12-year-old male, was living with his mother in Guatemala. During that time, Camposeco-Montejo visited MV1 home and spoke to the mother about having MV1 travel with him to the United States. Camposeco-Montejo advised that if he had a child with him, he and the child would have an easier time being admitted into the United States. He promised MV1 and his mother that MV1 would

go to school in the United States. MV1 did not object to going because he wanted to attend school in the United States.

6. On November 6, 2016, Camposeco-Montejo and MV1, along with seven other persons were detained by law enforcement when they were caught illegally crossing the border into the United States, from Mexico, near El Paso, Texas. When interviewed, Camposeco-Montejo said he and MV1 left Guatemala on October 24, 2016. Camposeco-Montejo advised the two had traveled by bus to the Guatemala/Mexico border, and entered the Mexico illegally on October 25, 2016. They then traveled to Tiopisca, Mexico, by bus, arriving on October 30, 2016, where they stayed in a church, and worked for two days. Camposeco-Montejo went on to say they then traveled by bus to Ciudad Juarez, Mexico, arriving on November 4, 2016. There the two stayed in a house before illegally entering the United States on November 6, 2016. Camposeco-Montejo provided sister in Lake Worth, Florida as his point of contact in the United States.

7. When questions were posed to MV1 by the federal agent, Camposeco-Montejo answered for the juvenile. Further, the signatures on the signed notice to appear and notice of custody determinations forms, for both Camposeco-Montejo and MV1, appear to be the same handwriting and signed by Camposeco-Montejo. MV1 told agents, when eventually interviewed, that Camposeco-Montejo told MV1 how to act and what to say regarding being Camposeco-Montejo's son. MV1 said he was afraid of being caught or killed while traveling with Camposeco-Montejo from his home in Guatemala to the United States.

8. Both Camposeco-Montejo and MV1 were fingerprinted at the border station and processed administratively for their unlawful presence in the United States. The fingerprint search through the Integrated Automated Fingerprint System (IAFIS) as well as other DHS/ICE databases confirmed that neither had made a request for lawful entry into the United States.

9. Camposeco-Montejo provided his Guatemalan birth certificate to immigration officials. He also presented a birth certificate for MV1, which was a fake. The birth certificate for MV1 had MV1's wrong name and listed Camposeco-Montejo as MV1's father. Camposeco-Montejo and MV1 were booked, issued alien numbers, and released two weeks later and provided with notices to appear.

10. MV1 told agents during an interview the following: Camposeco-Montejo and MV1 took a bus to Florida and arrived in early December 2016. After about one week, Camposeco-Montejo told MV1 he would not go to school. Rather, Camposeco-Montejo told MV1 he would have to work to pay back the $2,500 costs involved in bringing MV1 to the United States. To pay for MV1's $2,500 debt, Camposeco-Montejo required MV1 to work at farm. MV1 worked approximately ten hours per day for several months through 2017.

11. Based upon the forgoing, I submit there is probable cause to believe, that at least as early as October 2016 and continuing through in or about December 2016, in the Southern District of Florida, and elsewhere, Camposeco-Montejo knowing and in reckless disregard of the fact that an alien, namely, MV1, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States MV1, for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii).

12. Based upon the forgoing, I further submit there is probable cause to believe, that on or about November 6, 2016 and continuing through in or about December 2016, in the Southern District of Florida, and elsewhere, Camposeco-Montejo knowing and in reckless disregard of the fact that an alien, namely MV1, had come to, entered, or remained in the United States in violation of law, transported or moved, MV1 within the United States by means of transportation or

otherwise, in furtherance of commercial advantage or private financial gain, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii) and (b)(i).

13. Based upon the forgoing, I also submit there is probable cause to believe, that on or about November 6, 2016, in the Southern District of Florida, and elsewhere, Camposeco-Montejo did knowingly possess and use in or affecting interstate or foreign commerce, without lawful authority, a means of identification of another person, to wit, a birth certificate for MV1, knowing that the means of identification belonged to another actual person, with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, to wit, bringing an alien to enter the United States, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and the offense involved the transfer of an identification document, authentication feature, or false identification document that is or appears to be a birth certificate, all in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) & (b)(2)(B).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Special Agent Xavier A. Martinez
Homeland Security Investigations

Subscribed and sworn to before me
this 30 day of July, 2019.

Dave Lee Brannon
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** WALFRE ELISEO CAMPOSECO-MONTEJO

**Case No:** 19-MJ-8295-DLB

Count #: 1

Bringing Aliens to the United States

Title 8, United States Code, Sections 1324(a)(2)(B)(ii)

**\*Max. Penalty:** 10 years' imprisonment (3-year minimum mandatory), 3 years supervised release, $250,000 fine, $100 special assessment

Count #: 2

Transporting Aliens within the United States

Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (b)(i)

**\*Max. Penalty:** 10 years' imprisonment, 3 years supervised release, $250,000 fine, $100 special assessment

Count #: 3

Illegal Possession of Means of Identification

Title 18, United States Code, Sections 1028(a)(7) & (b)(2)(B)

**\*Max. Penalty:** 5 years' imprisonment, 3 years supervised release, $250,000 fine, $100 special assessment

\*Refers only to possible term of incarceration, does not include possible restitution, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

No.     19-MJ-8295-DLB

UNITED STATES OF AMERICA

V.

WALFRE ELISEO CAMPOSECO-MONTEJO,

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  ____Yes  __x__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  ____Yes  __x__ No

Respectfully Submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: */s/ Gregory Schiller*
GREGORY SCHILLER
Assistant United States Attorney
Florida Bar No. 0648477
U.S. ATTORNEY'S OFFICE - SDFL
500 S. Australian Ave.,
West Palm Beach, FL 33401
(561) 209-1045
Gregory.Schiller@usdoj.gov